# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50353 | **DATE** | November 5, 2012 |
| **CASE TITLE** | Robert Ivory Brooks, Jr. (#53787) vs. Judge Ronald White, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The Clerk shall mail a copy of this order to the inmate trust fund officer at the Winnebago County Jail. Plaintiff's claims challenging his state criminal proceedings are dismissed without prejudice to the extent he is pursuing these claims in his federal petition for habeas corpus relief. His claims of deliberate indifference to his medical needs at the Winnebago County Jail are dismissed without prejudice to Plaintiff asserting these claims in a separate suit. The dismissal of this case does not count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Robert Ivory Brooks, Jr. (#53787), currently confined at the Winnebago County Jail, has filed this 42 U.S.C. § 1983 civil rights action against Winnebago County Circuit Court Judge Ronald White, the Winnebago County State's Attorney, two Assistant Winnebago County State's Attorney, two defense attorneys, three court reporters, a doctor, two nurses, an x-ray technician, and the medical director at the Winnebago County Jail. Plaintiff raises two separate and distinct sets of claims.

Plaintiff's first claim alleges that the judge in his criminal case was biased against Plaintiff because he is African-American and impermissibly tried Plaintiff a second time after his first trial was dismissed. The Winnebago State's Attorneys allegedly committed one or more acts of prosecutorial misconduct. Plaintiff's attorneys allegedly had a conflict of interest and failed to speak up in court. And, according to Plaintiff, all the attorneys and the judge conspired to convict Plaintiff. As to the court reporters, the Court finds no specific allegations against them in the complaint, but it appears that they were allegedly involved in the conspiracy.

Plaintiff's second claim alleges that he has received inadequate medical care at the Winnebago County Jail. Allegedly, nurses and medical staff failed to administer prescribed medication for Plaintiff's lower back condition and, after he tripped and fell because his leg irons became tangled around a chair leg, he received inadequate care for what he believes was a fractured elbow. Plaintiff goes on to complain that a nurse changed his medication without authority.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1915(b)(1), the Court grants his motion and assesses an initial partial filing fee of $28.80. The trust fund officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All

## STATEMENT

payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Winnebago County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The Court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A (a court must initially review every complaint filed by a prisoner and dismiss the complaint, or any claim therein, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages against a party immune from such relief). Having conducted such review, Plaintiff's complaint must be dismissed.

The Court initially notes that Plaintiff's two sets of claims are unrelated and involve different Defendants, which Plaintiff cannot do. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The first claim (Plaintiff's conspiracy theory about his conviction and the improper actions by the trial court judge, prosecutors, defense attorneys, and court reporters) must be dismissed. Judges have absolute immunity from civil suits that challenge their actions taken in their judicial role. *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). Prosecutors also enjoy absolute immunity for the "initiation and the pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is 'intimately associated' with the judicial process." *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995), citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The claims against the state court judge and prosecutors clearly involve acts taken during their judicial and prosecutorial roles. As to the defense attorneys, they are not considered "state actors" under § 1983, and cannot be sued for damages in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983).

Additionally, Plaintiff may not raise challenges to his conviction and criminal proceedings in a federal civil rights case. A court cannot address a civil rights claim, if a favorable ruling by the court would call into question the validity of the plaintiff's conviction. Such claims can be addressed in a civil rights proceeding only after the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's claims may be proper in a federal petition for habeas corpus relief, which he has filed in *Brooks v. Tack*, No. 12 C 50352, but he cannot proceed with such claims at this time in a civil rights action. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Accordingly, for the reasons stated above, Plaintiff's claims concerning his state court criminal proceedings are dismissed.

As to the second claim, Plaintiff's assertions of deliberate indifference to a serious medical need cannot proceed as currently drafted. Plaintiff's lengthy narrative description of his health issues and treatment at the Winnebago County Jail since 2010 does not provide "short plain statements" about his claims and do not provide sufficient notice to Defendants. *Christensen v. County of Boone, IL,* 483 F.3d 454, 458 (7th Cir. 2007) ("[a] full narrative is unnecessary"); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must give "fair notice of what the ... claim is and the grounds upon which it rests"). Also, Plaintiff appears to have strung together separate, unrelated instances of deliberate indifference. He not only asserts that he received inadequate medical attention following his trip and fall, but he did not receive prescribed medications when he first entered the jail and a nurse later impermissibly changed his medications. *See Marsiliano v. David*, No. No. 11-CV-1036, 2012 WL 3879889 at *1 (S.D. Ill. Sept. 6, 2012) (Gilbert, J.) (separate occasions of deliberate indifference to a serious medical need by different defendants should not be combined in one suit).

Accordingly, the deliberate indifference claims are also dismissed. Plaintiff may re-assert these claims, raising only related claims and clearly identifying the grounds for each claim against each Defendant; however, he must do so in another complaint in a separate suit. To allow Plaintiff to file an amended complaint in this case would "allow[ him] to dodge paying multiple filing fees," for his two sets of claims, which runs counter to the purpose of the Prison Litigation Reform Act. *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010), citing *George*, 507 F.3d at 607. The Court notes that several of Plaintiff's claims arose in 2010 and that the limitations period for

**STATEMENT**

§ 1983 actions in Illinois is two years, excluding the period of time Plaintiff exhausted administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Given Plaintiff's grievances attached to his complaint, it appears that he was exhausting his deliberate indifference claims through at least the beginning of 2011. The dismissal of the current complaint should not render any of his claims, not already beyond the limitations period, to be time-barred.

The dismissal of the complaint shall not count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g), given that only the first set of claims are being dismissed for failure to state a claim. The second set of claims are dismissed because they were improperly joined and because Plaintiff has not sufficiently pled those claims in accordance with Rule 8(a)(2)'s federal notice-pleading requirement. *See Turley*, 625 F.3d at 1011 (a strike under § 1915(g) is warranted only if the entire complaint is dismissed under one of the grounds listed in that section).

In conclusion, Plaintiff's claims concerning his state criminal case are dismissed. Such claims may be appropriate in a federal petition for habeas corpus relief, but Plaintiff cannot bring them in a civil rights action. Plaintiff's claims of deliberate indifference to his medical needs are dismissed without prejudice to Plaintiff raising those claims, in accordance with the above instructions, in a separate suit with either another *in forma pauperis* application or prepayment of the $350 filing fee. This case is closed.